**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RONALD AND CATHERINE SELE** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY** |
| **STATE FARM LLOYDS** | § | |

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

      Petitioner, State Farm Lloyds, states in support of its Notice of Removal of the case originally filed with the 153rd Judicial District of Tarrant County, Texas as follows:

### DIVERSITY FACTS

1.      On December 16, 2016, Plaintiffs commenced a civil action against State Farm Lloyds alleging negligence, breach of contract, violations of the Deceptive Trade Practices Act ("DTPA") and tie-in statutes, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.  Plaintiffs also asserted the violations of the Texas Insurance Code and DTPA were committed knowingly and intentionally, entitling Plaintiffs to additional damages.  Plaintiffs' Original Petition, attached as Exhibit 1, was served by certified mail upon State Farm Lloyds on or about December 27, 2016.  Complete diversity exists for jurisdictional purposes between Plaintiffs and Defendant, and the amount in controversy is in excess of $75,000.00.

2.      On the date of the commencement of this action, Defendant State Farm Lloyds was and continues to be an association of underwriters organized under the Lloyds Plan, as set forth in the

Texas Insurance Code.  All underwriters of State Farm Lloyds are residents of foreign jurisdictions.

Consequently, State Farm Lloyds is, as a matter of law, not considered a citizen of Texas.

3.       Plaintiffs are individuals whose residence is located in Tarrant County, Texas and own the

property that is the subject of this lawsuit.  Said property is located in the city of Fort Worth, Tarrant

County, Texas.

4.       This action involves an amount in controversy in excess of One Hundred Thousand Dollars

($100,000.00) exclusive of interest and costs as indicated in Plaintiffs' Original Petition, and it is

between citizens of different states.   The cause is therefore removable based on diversity of

citizenship, pursuant to 28 U.S.C.A. § 1332 and § 1441, as between Plaintiffs and Defendant, State

Farm Lloyds.

5.       This Notice of Removal is filed within thirty (30) days after receipt by State Farm Lloyds

through service or otherwise, of a copy of Plaintiffs' Original Petition (Ex. 1).

6.       State Farm Lloyds reasonably believes the amount in controversy exceeds this Court's

jurisdictional limits, exclusive of interest and costs.  *See St. Paul Reinsurance Co., Ltd. v.

Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("in addition to policy limits and potential attorney's

fees, items to be considered in ascertaining the amount in controversy when the insurer could be

liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive

damages and just not interest or costs"). See also *Toney v. State Farm Lloyds*, __ Fed. Appx.__, 2016

WL 4784012 at n. 8 (5th Cir. 2016) (citing *Greenberg* with approval).  In addition to the prayer for

damages in the Original Petition, Plaintiffs' settlement demand in connection with their dispute of

the results of the  insurance claim which underlies this action was for the amount of $90,120.00.  The

amount in controversy squarely puts this case within the jurisdictional minimum of this Court for

diversity purposes. See *Pershing, L.L.C. v. Kiebach*, 819 F. 3d 179, 182 (5th. Cir. 2016); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

7.      Written notice of the filing of this Notice will be given to all adverse parties as required by law.

8.      A true and correct copy of this Notice will be filed with the Clerk of the 153rd Judicial District Court, Tarrant County, Texas, as provided by law.

WHEREFORE, Defendant State Farm Lloyds, prays it may effect the removal of this action from the 153rd Judicial District Court of Tarrant County, Texas.

Respectfully submitted,

THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.

By:      /s/      Armando De Diego
ARMANDO DE DIEGO
State Bar No. 05635400
Email:  adediego@dediego.com

HARVEY G. JOSEPH
State Bar No. 11027850
Email:  hjoseph@dediego.com

1201 W. Griffin Street
Dallas, Texas 75215-1030
Telephone:      (214) 426-1220
Facsimile:      (214) 426-1246

ATTORNEYS FOR DEFENDANT, STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 20th day of January, 2017, the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

Mr. James M. McClenny      ✔   Via ECF
Mr. J. Zachary Moseley      _____ Via Certified Mail, RRE
Ms. Kelley A. Seid      ✔   Via Facsimile
**McCLENNY MOSELEY & ASSOCIATES, PLLC**      _____ Via Regular Mail
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060


       /s/    Armando De Diego
       ARMANDO DE DIEGO

# Exhibit 1

FILED
TARRANT COUNTY
12/16/2016 3:37:03 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **153-289515-16** _____

| | | |
|---|---|---|
| **RONALD AND CATHERINE SELE** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |
| *Defendant* | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFFS RONALD AND CATHERINE SELE'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW,** Ronald and Catherine Sele, (hereinafter referred to as "Plaintiffs"), complaining of State Farm Lloyds, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief of over $100,000.00.

### PARTIES

2.   Plaintiffs are individuals residing in Tarrant County, Texas.

3.   State Farm Lloyds is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Corporation

Service Company, located at the following address: 211 East 7th Street, Suite 620, Austin, Texas 78701-

3218.

## JURISDICTION

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5.   The Court has jurisdiction over Defendant State Farm Lloyds because Defendant is a domestic insurance

company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action

arise out of Defendant's business activities in the State of Texas.  Specifically, State Farm Lloyds sought

out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of

conducting activities in Texas.  *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex.

2010).

## VENUE

6.   Venue is proper in Tarrant County, Texas, because the Property is situated in Tarrant County, Texas. TEX.

CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.   Plaintiffs purchased a policy from Defendant, (hereinafter referred to as "the Policy"), which was in effect

at the time of loss.

8.   The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which

is located at 2108 Sweetwood Drive, Fort Worth, Texas 76131.

9.   Defendant and/or its agent sold the Policy insuring the Property to Plaintiffs.

10. Plaintiffs are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or around March 8, 2016, Plaintiffs experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Lloyds. Plaintiffs subsequently opened a claim and Defendant assigned an adjuster to adjust the claim. Defendant's adjuster inspected the Property on May 25, 2016. Defendant's adjuster wrongfully and intentionally estimated the value of the damage to the Property to be $2,357.40, less depreciation in the amount of $538.25 and the deductible in the amount of $1,357.00. Defendant subsequently issued payment of a mere $462.15.

12. As a result of the storm on or around March 8, 2016, Plaintiffs were forced to make emergency repairs including, replacing 4 fence posts for the west fence. Additionally, due to the storm on or around March 8, 2016, Plaintiffs' Property incurred a water leak. Plaintiffs were forced to put a tarp over the roof in order to prevent water from entering into the living rom. Plaintiffs had not experienced a water leak to their Property prior to the storm on or around March 8, 2016.

13. Defendant's inadequate payment on the claim forced Plaintiffs to retain a public adjuster to properly evaluate damages to the Property. On or around June 9, 2016, Plaintiff's public adjuster inspected the Property. Plaintiff's public adjuster estimated the damage to the Property to be $28,373.36. Plaintiff's public adjuster required a full roof replacement, including the removal and replacement of 3 tab composition shingles and roofing felt with a 3-tab, 25-year roofing shingle as the manufacturer no longer

makes the 20-year roofing shingle. Per Code upgrades, specifically R907.5 reinstallation of materials, the existing vent flashing, metal edgings, drain outlets, collars, and metal counterflashings need to be replaced where rusted, damaged, or deteriorated. Additionally, per IRC R905.2.4.1 asphalt starter is required and per R904, required to meet the manufacturer specifications for a wind rating of 90 miles per hour. Plaintiffs' public adjuster also observed exposed piping. With regard to the exterior, Plaintiffs' public adjuster estimated for the removal and replacement of the window screens, gutters and downspouts, as well as the wood fence. Further, Plaintiff's public adjuster estimated the removal and replacement of insulation for insulation in the living room and bathrooms.

14. In addition, Plaintiffs' public adjuster's estimate required a full roof replacement, including requirements by the Occupational Safety and Health Administration. OSHA dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ___SHALL___ be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiffs' damages to the Property as an attempt to further deny Plaintiffs benefits owed under the Policy.

15. On or around June 22, 2016, a re-inspection occurred with Plaintiff's public adjuster present. On July 2, 2016, Defendant issued an additional payment in the amount of $1,423.88. The letter stated the estimate total coverage was $3,478.69 less depreciation in the amount of $235.66, the deductible of $1,357.00, and the prior payment of $462.15, but Defendant did not provide its estimate. Defendant failed to provide a

prompt and reasonable explanation of this payment. Instead, Defendant produced an incomplete Summary of Loss, which did not include the limit of liability for the Policy for Coverage A – Dwelling, Coverage A – Dwelling Extension, Coverage B – Personal Property, Coverage C – Loss of Use, and Other Coverages, among other things. The Complements/Supplements section states: "Supplement , gutter ,roof repair, interior, fence." This Summary of Loss does not provide Plaintiff with a prompt or reasonable explanation of the payment.

16. On July 5, 2016, Defendant admitted it violated the Texas Insurance Code, Chapter 542. Thereafter, Defendant made a payment in the amount of $6.32 for statutory interest on the $1,423.88 payment made on or around July 2, 2016. Still, Defendant failed to provide a prompt and reasonable explanation of the payment.

17. On or around July 27, 2016, Plaintiffs were forced to retain the services of McClenny Moseley & Associates, PLLC. On September 27, 2016, via letter, Defendant maintained that its findings as outlined in its letter dated September 27, 2016 remain unchanged. Such response is confusing and misleading and fails to give Plaintiffs a reasonable explanation for the underpayment of their claim.

18. Defendant wrongfully underpaid Plaintiffs' claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

19. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. For example, with respect to the roof, Defendant estimate for the removal and replacement of one rain cap. Defendant's adjuster lifted shingles

about a foot off from the roof and claimed no damage occurred, despite objective evidence of wind and

hail damage. Additionally, Defendant's adjuster claimed that hail damage to the fence was due to dirt.

The estimate fails to place Plaintiffs' Property in a pre-loss condition. Defendant's assigned adjuster failed

to fully quantify Plaintiffs' covered losses, thus demonstrating that Defendant's assigned adjuster did not

conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim

improperly.

20. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly

undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiffs'

claim was intentionally and knowingly underpaid.

21. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster

acted within the course and scope of his authority as authorized by Defendant. Plaintiffs relied on

Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to

be issued payment to fix such damage, which did not happen and has not been rectified to date.

22. Defendant to perform its contractual duties to adequately compensate Plaintiffs under the terms of the

Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was

made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged Property.

23. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiffs, making various statements and

representations to Plaintiffs that the Property would be covered. Relying on the promises and

representations made by Defendant and/or Defendant's assigned agent, Plaintiffs filed a claim under the

Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

24. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiffs.

25. As a result of Defendant's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiffs with respect to these causes of action.

## AGENCY

26. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

27. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

28. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

29. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added);

s*ee also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

## **NEGLIGENCE**

30. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing

paragraphs.

31. Plaintiffs entrusted Defendant to properly adjust Plaintiffs' insurance claim for the Property damage.

Defendant did not properly adjust the claim and misinformed Plaintiffs of the severity of the Property

damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

Nevertheless, Defendant failed to ensure that Plaintiffs' damage was properly adjusted. This failure is a

clear breach of Defendant's duty, and as a result, Plaintiffs suffered significant injuries.

32. Defendant and its assigned adjuster had and owed a legal duty to Plaintiffs to properly adjust all losses

associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty

in a number of ways, including, but not limited to, the following:

  A.  Defendant, individually and through its assigned adjuster, was to exercise due care in

      adjusting and paying policy proceeds regarding the Property;

  B.  Defendant, individually and through its assigned adjuster, had a duty to competently and

      completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiffs' damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

## BREACH OF CONTRACT

33.  Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

34.  Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs. According to the Policy, which Plaintiffs purchased, Defendant had the absolute duty to investigate Plaintiffs' damages, and pay Plaintiffs policy benefits for the claims made due to the extensive storm-related damages.

35.  As a result of the storm-related event, Plaintiffs suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiffs and her representatives, Defendant breached its contractual obligations under the Policy by failing to pay Plaintiffs cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiffs has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

36.  Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37.   Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that

constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas

Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

  A.   Representing that an agreement confers or involves rights, remedies, or obligations which

       it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE

       § 17.46(b)(12));

  B.   Misrepresenting the authority of a salesman, representative, or agent to negotiate the final

       terms of a consumer transaction (TEX. BUS. & COM. CODE § 17.46(b)(14));

  C.   Failing to disclose information concerning goods or services which were known at the

       time of the transaction, and the failure to disclose such information was intended to

       induce the consumer into a transaction into which the consumer would not have entered

       had such information been disclosed (TEX. BUS. & COM. CODE § 17.46(b)(24));

  D.   Using or employing an act or practice in violation of the Texas Insurance Code (TEX.

       BUS. & COM. CODE § 17.50(a)(4));

  E.   Unreasonably delaying the investigation, adjustment, settlement offer and prompt

       resolution of Plaintiffs' claim (TEX. INS. CODE § 541.060(a)(2)-(5));

  F.   Failure to properly investigate Plaintiffs' claim (TEX. INS. CODE § 541.060(7)); and/or

  G.   Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to

       obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiffs' damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

38. As described in this Original Petition, Defendant represented to Plaintiffs that their Policy and State Farm Lloyds's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

39. As described in this Original Petition, Defendant represented to Plaintiffs that their Policy and State Farm Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

40. By Defendant State Farm Lloyds representing that they would pay the entire amount needed by Plaintiffs to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

41. Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiffs to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

42. Defendant's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiffs the right to relief under § 17.50(a)(3).

43. Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

44. Plaintiffs are a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Farm Lloyds, to her detriment.  As a direct and

proximate result of Defendant's collective acts and conduct, Plaintiffs has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages which are described in this Original Petition.

45. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiffs are entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

46. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiffs also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

47. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

48. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue (§ 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs (§ 541.060(a)(4));

E. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

F. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

G. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2)); and/or

H. Failing to state the reasons for rejection (§ 542.056(c)).

49. By its acts, omissions, failures and conduct, Defendant has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiffs, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant's unfair or deceptive acts or practices. § 541.151(2).

50. Defendant's aforementioned conduct compelled Plaintiffs to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiffs to file suit. § 542.003(5).

51. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

52. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiffs has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

53. Plaintiffs hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable

insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach

of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d

556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly

and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is

a reasonable basis to deny that claim).

55. For the breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to

compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such

additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiffs, and/or

exemplary damages for emotional distress.

## KNOWLEDGE

56. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as

the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiffs' damages

described herein.

## DAMAGES

57. Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the

producing causes of the damages sustained by Plaintiffs.

58. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the

amount of Plaintiffs' claim, together with attorneys' fees.

59. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to

actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs asks for three

times Plaintiffs' actual damages. TEX. INS. CODE § 541.152.

60. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the

amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiffs'

claim as damages, together with attorneys' fees. § 542.060.

61. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory

damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs,

economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages

for emotional distress.

62. For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of

the law firm whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum

for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action,

including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs

seeks an amount in excess of the minimum jurisdictional limits of this Court.

64. More specifically, Plaintiffs seeks monetary relief, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorneys' fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

65. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for

additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

provisions of the Texas Insurance Code.  Plaintiffs are clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

66. In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas

   Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

67. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiffs requests

   that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

   after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

68. Plaintiffs demands a jury trial, consisting of citizens residing in Tarrant County, Texas, and tenders the

   appropriate fee with this Original Petition.

## DISCOVERY

69. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiffs requests that Defendant

   respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## l. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Defendant State Farm Lloyds,

   disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to

   do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce State Farm Lloyds's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiffs in her attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiffs or Plaintiffs' home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiffs, not limited to physical or audio recordings of all conversations between Plaintiffs and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiffs by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1.  Please identify any person State Farm Lloyds expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiffs' claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the

subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If State Farm Lloyds or State Farm Lloyds's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Lloyds or any of State Farm Lloyds's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Lloyds's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a.     The date and manner in which State Farm Lloyds received notice of the claim;

   b.     The date and manner in which State Farm Lloyds acknowledged receipt of the claim;

   c.     The date and manner in which State Farm Lloyds commenced investigation of the claim;

   d.     The date and manner in which State Farm Lloyds requested from the claimant all items, statements, and forms that State Farm Lloyds reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

   e.     The date and manner in which State Farm Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiffs.

7.  Has Plaintiffs' claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.  When was the date State Farm Lloyds anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm Lloyds's document retention policy.

10. Does State Farm Lloyds contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does State Farm Lloyds contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Farm Lloyds contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiffs' claim evaluated?  State what performance measures are used and describe State Farm Lloyds's bonus or incentive plan for adjusters.

## **CONCLUSION**

70.     Plaintiffs prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory

damages, post judgment interest, reasonable and necessary attorneys' fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays they be awarded all such relief to which they are due as a result of the acts of Defendant State Farm Lloyds, and for all such other relief to which Plaintiffs may be justly and rightfully entitled. In addition, Plaintiffs requests the award of treble damages under the Texas Insurance Code, attorneys' fees for the trial and any appeal of this lawsuit, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show the themselves to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ James M. McClenny*
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Kelley A. Seid
State Bar No. 24102480
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Kelley@mma-pllc.com
Attorneys for Plaintiffs