

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD AND CATHERINE SELE | § § § | |
| *Plaintiffs* | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-0069-A |
| | § § | |
| STATE FARM LLOYDS | § § | |
| *Defendant* | § § | |

## PLAINTIFFS RONALD AND CATHERINE SELE'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiffs, Ronald and Catherine Sele, to complain of Defendant, State Farm Lloyds (hereinafter "Defendant"). In support of their claims and causes of action, Plaintiffs would respectfully show unto this Honorable Court as follows:

### JURISDICTION & VENUE

1. This Honorable Court has jurisdiction and venue is proper because (1) one or more acts or omissions forming the basis for liability occurred in Tarrant County, Texas, (2) Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and (3) Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas.

2. Venue lies in the U.S. Northern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiffs are individuals who reside in Tarrant County, Texas.

4. Defendant is a company engaged in the business of selling insurance policies and adjusting insurance claims. This includes selling residential policy number 58-BN-A068-7 (hereinafter "the Policy") associated with claim number 438L51886 (hereinafter "Claim"), both of which apply to Plaintiffs' residence at issue in the present case. Defendant has appeared and answered through counsel and is before this Honorable Court for all purposes.

## FACTUAL BACKGROUND

5. This matter revolves largely around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiffs' property. In addition to seeking economic and penalty-based damages from Defendant, Plaintiffs also seek compensation from Defendant for damages caused by improper evaluation of the extensive losses associated with this cause.

6. Plaintiffs purchased a policy from Defendant, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

7. The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which is located at 2108 Sweetwood Drive, Fort Worth, Texas 76131.

8. Defendant and/or its agent sold the Policy insuring the Property to Plaintiffs.

9. Plaintiffs are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

10. On or around March 8, 2016, Plaintiffs experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant. Plaintiffs subsequently opened a claim and Defendant assigned an adjuster to adjust the

claim. Defendant's adjuster inspected the Property on May 25, 2016. Defendant's adjuster wrongfully and intentionally estimated the value of the damage to the Property to be $2,357.40, less depreciation in the amount of $538.25 and the deductible in the amount of $1,357.00. Defendant subsequently issued payment of a mere $462.15.

11. As a result of the storm on or around March 8, 2016, Plaintiffs were forced to make emergency repairs including the replacement of four (4) fence posts to the west fence. Additionally, due to the storm on or around March 8, 2016, Plaintiffs' Property incurred a water leak. Plaintiffs were forced to put a tarp over the roof in order to prevent additional water from entering into the living room. Plaintiffs had not experienced any water leaks to their Property prior to the March 8th storm.

12. Defendant's inadequate payment on the claim forced Plaintiffs to retain a public adjuster to properly evaluate damages to the Property. On or around June 9, 2016, Plaintiffs' public adjuster inspected the Property. Plaintiffs' public adjuster estimated the damage to the Property to be $28,373.36. Plaintiffs' public adjuster required a full roof replacement, including the removal and replacement of 3-tab composition shingles and roofing felt with a 3-tab, 25-year roofing shingle as the manufacturer no longer makes the 20-year roofing shingle. The City of Fort Worth has adopted the 2015 International Building Code, Mechanical Code, Residential Code, Energy Code, Plumbing Code, and Fire Code with local amendments. Per the International Residential Code upgrades, specifically R907.5 reinstallation of materials, the existing vent flashing, metal edgings, drain outlets, collars, and metal counterflashings need to be replaced where rusted, damaged, or deteriorated. Additionally, per IRC R905.2.4.1 asphalt starter is required and per R904, required to meet the manufacturer specifications for a wind rating of 90 miles per hour. Plaintiffs' public

adjuster also observed exposed piping. With regard to the exterior, Plaintiffs' public adjuster estimated for the removal and replacement of the window screens, gutters and downspouts, as well as the wood fence. Further, Plaintiffs' public adjuster estimated the removal and replacement of insulation in the living room and bathrooms.

13. In addition, Plaintiffs' public adjuster's estimate required a full roof replacement, including requirements by the Occupational Safety and Health Administration. OSHA dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiffs' damages to the Property as an attempt to further deny Plaintiffs benefits owed under the Policy.

14. On or around June 22, 2016, a re-inspection occurred with Plaintiffs' public adjuster present. On July 2, 2016, Defendant issued an additional payment in the amount of $1,423.88. The letter accompanying the payment stated the estimate total coverage was $3,478.69 less depreciation in the amount of $235.66, the deductible of $1,357.00, and the prior payment of $462.15, but Defendant still did not provide its estimate. Defendant failed to provide a prompt and reasonable explanation of this payment. Instead, Defendant produced an incomplete Summary of Loss, which did not include the limit of liability for the Policy for Coverage A – Dwelling, Coverage A – Dwelling Extension, Coverage B – Personal Property, Coverage C – Loss of Use, and Other Coverages, among other things. The

Complements/Supplements section states: "Supplement , gutter ,roof repair, interior, fence." This Summary of Loss does not provide Plaintiff with a prompt or reasonable explanation of the payment.

15. On July 5, 2016, Defendant admitted it violated the Texas Insurance Code, Chapter 542. Thereafter, Defendant made a payment in the amount of $6.32 for statutory interest on the $1,423.88 payment made on or around July 2, 2016. Still, Defendant failed to provide a prompt and reasonable explanation of the payment.

16. On or around July 27, 2016, Plaintiffs were forced to retain the services of McClenny Moseley & Associates, PLLC. On September 27, 2016, via letter, Defendant maintained that its findings as outlined in its letter dated September 27, 2016 remained unchanged. Such a response is confusing and misleading and fails to give Plaintiffs a reasonable explanation for the underpayment of their claim.

17. Defendant wrongfully underpaid Plaintiffs' claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

18. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. For example, with respect to the roof, Defendant estimated for the removal and replacement of one rain cap. Defendant's adjuster lifted shingles about a foot off from the roof and claimed no damage occurred, despite objective evidence of wind and hail damage. Additionally, Defendant's adjuster claimed that hail damage to the fence was due to dirt. The estimate fails to place Plaintiffs' Property in a pre-loss condition. Defendant's assigned adjuster failed to fully quantify Plaintiffs' covered losses, thus demonstrating that Defendant's assigned

adjuster did not conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim improperly.

19. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiffs' claim was intentionally and knowingly underpaid.

20. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster acted within the course and scope of his authority as authorized by Defendant. Plaintiffs relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

21. Defendant did not perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged Property.

22. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiffs filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

23. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiffs.

24. As a result of Defendant's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

25. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

26. According to the Policy that Plaintiffs purchased, Defendant had the absolute duty to investigate Plaintiffs' damages and to pay Plaintiffs' Policy benefits for the claim made due to the extensive damages caused by the wind and hail storm occurring on or around March 8, 2016. Defendant's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

27. As a result of the wind and hail storm that occurred on or around March 8, 2016, Plaintiffs suffered extreme damages. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiffs benefits related to the cost to properly repair Plaintiffs' Property, as well as for related losses. As a result of this breach, Plaintiffs have suffered actual and consequential damages.

### COUNT TWO: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

28. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

29. Defendant and its representatives engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is

codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including, but not limited to:

    a. Using or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4)); and/or

    b. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiffs' claim (TEX. INS. CODE § 541.060(a)(2)-(3)).

30. Specifically, Defendant's assigned adjusters intentionally refused to acknowledge objective evidence of hail hits and damage to the Property's roof in order to create a biased estimate, which only recommends the removal and replacement of one rain cap. Defendant's adjuster lifted the shingles off the roof and ignored objective evidence of wind and hail damage. This failure to properly investigate and reliance on the prior estimate is an attempt to prevent Plaintiff from receiving benefits under the Policy that they are rightfully owed. This intentional conduct resulted in a severe underpayment of the claim in violation of TEX. INS. CODE § 541.060(a)(2)(A) because as a result of the May 25th inspection, Defendant's liability had become reasonably clear and yet, Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement in good faith. As Defendant is aware, the payment in the amount of $462.15 is inadequate to place the Property in its pre-loss condition.

31. In a letter dated July 5, 2016, Defendant it admitted it violated Chapter 542 of the Texas Insurance Code and issued a payment in the amount of $6.32 in statutory interest. However, this letter did not give a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's offer of a settlement payment in violation of TEX. INS. CODE § 541.060(a)(3).

32. Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and practices, made by Defendant, to their detriment. As a direct and proximate result of Defendant's collective actions and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs are entitled to. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages.

33. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff are entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. TEX. BUS. & COM. CODE § 17.50(b)(1).

34. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

## COUNT THREE: VIOLATIONS OF THE TEXAS INSURANCE CODE

35. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

36. Specifically, Defendant maintained its position based on its unreasonable investigations that it would not offer a proper, fair, or equitable settlement of the claim despite knowledge of its liability to Plaintiffs when it received Plaintiffs' public adjuster's estimate of the damages and conducted the re-inspection on June 22, 2016. Such conduct is a violation of TEX. INS.

CODE § 541.060(a)(2)(A). Defendant failed to provide a prompt and reasonable explanation of this position even when it admitted it had violated Chapter 542 of the Texas Insurance Code in a letter dated July 5, 2016. Such conduct is violation of § 541.060(a)(3). Defendant's wrongful and intentional actions forced Plaintiffs to retain the services of McClenny Moseley & Associates, PLLC.

37. Defendant and its assigned adjusters' actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

   a. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

   b. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

   c. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5)); and/or

   d. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured (§ 542.058(a)).

38. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs, and attorney's fees. Because Defendant acted knowingly, Plaintiffs ask for three times their actual damages. § 541.152.

39. For failing to comply with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as interest at the rate of eighteen (18) percent per annum of the amount of their claim as damages, together with attorney's fees. § 542.060.

### COUNT FOUR: BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

40. Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

41. An insurer breaches its duty of good faith and fair dealing "if the insurer knew or should have known that it was reasonably clear that the claim was covered," but nevertheless denied or unreasonably delayed paying the claim. *Graber v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 77361, at *13 (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55-56 (Tex. 1997)). From and after the time Plaintiffs' claim was presented to Defendant at the inspection on May 25th and the re-inspection on June 22nd, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. The inadequate settlements in the amounts of $462.15 and $1,423.88 are not enough to place the Property in its pre-loss condition. Defendant itself admitted that it violated the Texas Insurance Code and subsequently paid statutory interest in the amount of $6.32. This delay of payment constitutes a breach of the duty of good faith and fair dealing.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Plaintiffs owed, and/or exemplary damages for emotional distress.

## COUNT FIVE: WAIVER & ESTOPPEL

43. Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

44. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

45. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiffs that far exceeds the minimum jurisdictional limits of this Honorable Court.

46. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorneys' fees.

47. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorneys' fees. Plaintiffs ask for three times Plaintiffs' actual damages because Defendant acted knowingly and intentionally. TEX. INS. CODE § 541.152.

48. "Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred. TEX. INS. CODE § 541.002(1). Similarly, "intentionally" means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. TEX. BUS. & COM. CODE § 17.45(13).

49. Defendant was aware that its acts or practices in failing to conduct a reasonable, thorough investigation resulted in a severe underpayment of Plaintiffs' claim in the amount of $462.15, as exhibited by its subsequent payment on July 2nd in the amount of $1,423.88. However, Defendant is aware that the payments issued are unfair and are still not enough to place Plaintiffs' Property in its pre-loss condition. Further, Defendant admitted it violated Chapter 542 of the Texas Insurance Code in a letter dated July 5th, when it issued a payment in the amount of $6.32 for the statutory interest due on the payment in the amount of $1,423.88.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

51. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

52. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## **ADDITIONAL DAMAGES & PENALTIES**

53. Defendant's conduct was committed knowingly and intentionally as stated in paragraphs 49-50. Accordingly, Defendant is liable for treble damages under the Deceptive Trade Practices

Act, as well as all provisions of the Texas Insurance Code. TEX. BUS & COM. CODE §17.50(b)(1).

## ATTORNEY'S FEES

54. In addition, Plaintiffs are entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, Texas Deceptive Trade Practices Act, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005. Plaintiff thereby requests that the Court and jury award their attorney's fees and expenses.

## JURY DEMAND

55. Plaintiffs demand a jury trial pursuant to FED. R. CIV. P. 8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be entered against Defendant and that Plaintiffs be awarded the actual damages, consequential damages, pre-judgment interest, additional statutory damages, post-judgment interest, reasonable and necessary attorney's fees, court costs and for all other such relief, general or specific, in law or in equity, whether pled or unpled within this First Amended Complaint.

For all reasons set forth above, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of Defendant, and for all such other relief to which Plaintiffs may be justly entitled.

*(Signature on following page.)*

RESPECTFULLY SUBMITTED,

*Kelley A. Seid*

MCCLENNY, MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
Federal I.D. No. 2764142
J. Zachary Moseley
State Bar No. 24092863
Federal I.D. No. 2706476
Kelley A. Seid
State Bar No. 24102480
James@mma-pllc.com
Zach@mma-pllc.com
Kelley@mma-pllc.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2017, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system and/or facsimile, pursuant to Federal Rule of Civil Procedure 5(b), as follows:

**The Law Office of Armando De Diego, P.C.**
Armando De Diego
Texas Bar No. 05635400
adediego@dediego.com
Harvey G. Joseph
Texas Bar No. 11027850
hjoseph@dediego.com
1201 W. Griffin Street
Dallas, Texas 75215-1030
Telephone (214) 426-1220
Facsimile: (214) 426-1246

*Kelley A. Seid*
Kelley A. Seid